**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT BARROW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1436 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

This case arises from a mortgage foreclosure. On May 6, 2013, plaintiff Robert Barrow, through counsel, filed a petition in state district court alleging that defendant Wells Fargo Bank, N.A. violated the Texas Deceptive Trade Practices Act and breached Barrow's mortgage contract by sending a notice of foreclosure on May 7, 2013. On May 7, 2013, Barrow obtained a temporary restraining order preventing the foreclosure. Wells Fargo timely removed the case to this court. (Docket Entry No. 1).

On June 28, 2013, this court held an initial conference and entered a scheduling order. (Docket Entry No. 5). In October, Wells Fargo moved to dismiss or for summary judgment. (Docket Entry Nos. 7, 8). Barrow has not responded. Wells Fargo has not reposted the property for foreclosure and does not have possession of the property. (Docket Entry No. 8 ¶ 13).

After considering the pleadings, Wells Fargo's motion to dismiss or for summary judgment, the summary-judgment record, and the applicable law, the court grants Wells Fargo's motion for summary judgment. Final judgment is issued by separate order. Wells Fargo also moved for fees. Barrow did not address this request. Wells Fargo may reassert its fee request within fourteen days

after entry of judgment, and Barrow will have the usual time to respond. The motion to dismiss is moot. The reasons for these rulings are explained below.

**I.     Background**

Barrow executed a Note in favor of PNC Mortgage Corporation of America on December 8, 1997 to purchase his home. He also executed a Deed of Trust to secure payment. (Docket Entry No. 7, Exs., A, B). Nine years later, on December 29, 2006, the Note and Deed of Trust were transferred to Wells Fargo. (*Id.*, Ex. C).

The Note obligated Barrow to pay the lender on the first of each month. (*Id.*, Ex. A, § 4). On April 15, 2010, Barrow signed up for Wells Fargo's automatic loan-payment program. Beginning May 1, 2010, Wells Fargo would automatically withdraw the amount covering the monthly principal, interest, and escrow payments from Barrow's Wells Fargo checking account. On September 4, 2012, Wells Fargo attempted to withdraw the monthly mortgage payment. It received only part of what was due because Barrow's checking account had insufficient funds. Wells Fargo returned the payment because of that insufficiency.

Wells Fargo attempted to withdraw the September 2012 payment three times that month, with the same result. (*Id.*, Exs. E, ¶ 12; L). On October 16, 2012, Wells Fargo sent Barrow a Notice of Default and Intent to Foreclose. (*Id.*, Exs. G, E). The Notice gave Barrow 30 days to cure the default and warned that if he failed to do so, by November 19, 2012, Wells Fargo would accelerate the Note. Barrow failed to cure.

On April 10, 2013, Wells Fargo mailed Barrow a Notice of Acceleration and Notice of Trustee Sale. (*Id.*, Exs. H, I). The Notices were returned to sender, (*Id.*, Ex. J), but Barrow concedes that he received notice of the Trustee's sale. (Docket Entry No. 1, ¶ 3). On May 6, 2013,

2

Barrow filed this suit against Wells Fargo in state court, alleging breach of contract and violations of the Texas Deceptive Trade Practices Act.

In his petition, Barrow alleges that after he set up the monthly automatic payments, Wells Fargo would hold his deposits until after they charged his account for the mortgage payment, resulting in insufficient funds for the payment. (*Id.* § 2). "The last time [Wells Fargo] did this, they claimed that his account was three dollars short of a full payment." (*Id.*). Wells Fargo did not withdraw the payment for that month. As a result, late fees were added to the amount due.

Barrow noticed that his account balance was higher than it should have been if the mortgage payment cleared. When he asked about it, a "Wells Fargo representative told him that they did not take the payment out, because [his] account was three dollars short." (*Id.*). The next month, Barrow again "noticed the [mortgage] payment was not withdrawn. He went back to the Bank, [and] a Wells Fargo representative told him that [it] would not take the payment from his account by autopay anymore." (*Id.*). This representative also told Barrow of the late fees he was accumulating because of this missed payment. After allegedly trying, but failing, to discuss the issue with a Wells Fargo "loan specialist," who never returned his calls, Barrow "continued to put his payment in his checking account every month." (*Id.*). Barrow alleges that his checking account has enough money "to cover every regular payment due, not including late fees." (*Id.*).

Barrow alleges that Wells Fargo violated the Texas Deceptive Trade Practices Act by representing that its "agreement or contract has benefits or attributes that are not contained in the agreement." (*Id.* at § 4). Barrow also alleges that Wells Fargo's actions violated the Promissory Note and Deed of Trust. (*Id.* at § 5).

## II.     The Summary-Judgment Standard and Evidence

3

A party who establishes that there is no genuine dispute of material fact is entitled to summary judgment. FED. R. CIV. P. 56(a). A failure to respond to a summary-judgment motion is an insufficient basis to grant it, but a failure to controvert facts by competent summary-judgment evidence permits a court to accept them as undisputed. FED. R. CIV. PRO. 56(d). Summary judgment is appropriate if the moving party has demonstrated the absence of a genuine issue of material fact and that summary judgment is warranted as a matter of law. *See Adams v. Travelers Indem. Co. ov Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

Rule 56 "*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted).

In deciding a motion for summary judgment, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

When the moving party has met its Rule 56 burden, the nonmoving party must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden is not satisfied with some metaphysical doubt as to the material facts, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Factual controversies resolve in the nonmoving party's favor, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Id.* In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075. Resolving actual disputes of material facts in favor of a nonmoving party "is a world apart from assuming that general averments embrace the specific facts needed to sustain the complaint. . . . It will not do to presume the missing facts because without them the affidavits would not establish the injury that they generally allege." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

The summary-judgment evidence includes the fixed-rate Note, Deed of Trust, loan assignment to Wells Fargo, the automatic payment information form, Wells Fargo's affidavit in support of its motion, the notice of electronic withdrawal cancellation, the notices of default and intent to foreclose, the notices of acceleration and sale, the return envelope enclosing the notices of acceleration, the affidavit of Buckley Madole P.C. in support of Wells Fargo's motion, and Barrow's September 2012 checking account statement. In addition, Barrow signed a sworn affidavit and attached it to his state-court petition. The evidence is analyzed under the applicable law.

**III.    Discussion**

    **1.    The Breach of Contract Claim**

"The elements of a breach of contract claim are: (1) the existence of a valid contract between plaintiff and defendant; (2) the plaintiff's performance or tender of performance; (3) the defendant's breach of the contract; and (4) the plaintiff's damage as a result of the breach." *In re Staley*, 320 S.W.3d 490, 499 (Tex. App. —Dallas 2010, no pet.). "Whether a party has breached a contract is a question of law for the court, not a question of fact for the jury." *Meek v. Bishop Peterson & Sharp P.C.*, 919 S.W.2d 805, 808 (Tex. App. —Houston [14th Dist.] 1996, writ denied). "The court determines what conduct is required by the parties, and, insofar as a dispute exists concerning the failure of a party to perform the contract, the court submits the disputed fact questions to the jury." *Id.* "While the factual determination of what actions were taken is for the fact finder, whether those actions constitute a breach of contract is a question of law for the court." *In re Cano Petrol., Inc.*, 277 S.W.3d 470, 473 (Tex. App.—Amarillo 2009, orig. proceeding).

Barrow's original petition alleges that Wells Fargo violated the Promissory Note and Deed of Trust and that the violation has caused him damage. (Docket Entry No 4, Scheduling Order, July 26, 2013 deadline for amending pleadings). Barrow asserts through a sworn affidavit attached to the petition that Wells Fargo "held his deposits" and did not give "him credit until after they charged his account for the mortgage payment," which caused him to incur unauthorized fees and penalties. Barrow neither pleads nor points to evidence identifying which contract provisions Wells Fargo breached. Barrow's claim appears to be that the deposits he made into his checking account to pay his mortgage did not clear in time to cover Wells Fargo's withdrawal of the monthly payments due. Barrow has not pointed to summary-judgment evidence showing that Wells Fargo had a contract obligation to delay withdrawing the mortgage payment until deposits had cleared.

Wells Fargo argues that Barrow cannot maintain a breach of contract claim because he

defaulted on his loan obligations and did not tender the performance the contract required. Based on the record evidence, Wells Fargo's argument provides an alternative reason to grant summary judgment on the breach of contract claim. "'[A] party to a contract who is himself in default cannot maintain a suit for its breach.'" *Kaechler v. Bank of America, N.A.*, No. 12-423, 2013 WL 127555, at *4 (S.D. Tex. Jan. 9, 2013) (quoting *Re/Max of Tex., Inc. v. Katar Corp.*, 989 S.W.2d 363, 365 n.4 (Tex. 1999); *see also Sproul v. Sasser*, No. 05-08-502-cv, 2009 WL 2232240, at *2 (Tex. App. –Dallas 2009, no pet.); *Cole v. Bank of America, N.A.,* No. H-12-0006, 2012 WL 465190, at *2 (S.D. Tex. Feb. 1, 2012). The uncontroverted summary-judgment evidence shows that Barrow defaulted on his obligation for timely payment. Barrow has not explained what legal basis allows him to maintain his breach of contract claim, given his default.[1]

### 2. The Texas Deceptive Trade Practices Act

Barrow generally asserts that Wells Fargo's "unconscionable" actions "constitute clear violations of the Texas Deceptive Trade Practices Act." (Docket Entry No. 1-3 § 4). Additionally, Barrow contends that Wells Fargo violated the DTPA because Wells Fargo represented that the Promissory Note and Deed of Trust have "benefits or attributes that are not in the agreement." (*Id.*).

The elements of a DTPA claim are that: "'(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages.'" *Gatling v. CitiMortgage, Inc.*, No. 11-2879, 2012 WL 3756581, at *13

---

[1] The court recognizes that a mortgage lender may have postdefault contract obligations that create a cause of action despite the borrower's default. *See Franklin v. BAC Home Loans Serv., L.P.*, No. 3:10-cv-1174-M, 2011 WL 248445, at *3 (N.D. Tex. Jan. 26, 2011) ("It is illogical for the Court to conclude that Plaintiff cannot enforce BAC's obligations, assumed to be contractual which arise after Plaintiff's default merely because Plaintiff is in default."); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 140 (Tex. App. –Corpus Christi 2008, no pet.) (holding that plaintiffs' breach of contract claim survived summary judgment when default letters failed to comply with the notice obligations in the deed of trust). Barrow does not allege that Wells Fargo committed a postdefault breach.

(S.D. Tex. Aug. 28, 2012) (Rosenthal, J.) (quoting *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing TEX. BUS. & COM. CODE § 17.50(a)(1)). To be a consumer under the DTPA, "the person must seek or acquire goods or services by lease or purchase," *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App. –Fort Worth 2007, pet. denied) (citing TEX. BUS. & COM. CODE § 17.45(4)), and "the goods or services sought or acquired must form the basis of the party's complaint." *Id.* (citations omitted). "Generally, a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor a service." *Fix*, 242 S.W.3d at 160 (citations omitted). Even though "a loan is not in itself a good or service, a lender may be subject to a DTPA claim if the borrower's objective is the purchase of a good or service." *Marquez v. Fed. Nat'l Mortg. Ass'n*, No. 3:10-cv-20404, 2011 WL 3714623, at *5 (N.D. Tex. Aug. 23, 2011) (citing *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 567 (Tex. 1984)). The determining factor for consumer status "is whether the purchase or lease of a good or service was an objective of the transaction, not merely incidental to it." *Id.* at *6 (quotation omitted).

  Barrow unquestionably obtained the mortgage loan to purchase the residence. His claims arise years after those transactions occurred and do not relate to financing his home purchase. Instead, the claims involve the ways Wells Fargo serviced and administered his loan, including administering the autopayment system and delinquent-payment penalties. These acts occurred years after the initial financing transaction. The factual assertions in Barrow's petition involve issues "merely incidental to [Barrow's] *prior* objective to purchase a residence[.]" *Woods v. Bank of America, N.A.*, No. 3:11-cv-1116B, 2012 WL 1344343, at * 7 (N.D. Tex. Apr. 17, 2012) (emphasis added). Barrow's general assertion that the mortgage contract included undisclosed benefits remains

unexplained and unsupported by summary-judgment evidence.

The undisputed facts in the record show that, as a matter of law, Barrow is not a DTPA consumer. Wells Fargo is entitled to summary judgment dismissing this claim.

## IV. Attorneys' Fees

Wells Fargo submitted a request for attorneys' fees at the end of its motion for summary judgment. Wells Fargo attached an affidavit outlining the hourly rates and the time expended defending this lawsuit. The motion for summary judgment was not captioned or docketed as a motion for attorneys' fees. Reasonable attorneys' fees are recoverable only if authorized by statute or contract. *Kessler v. Penn. Nat.'l Mut. Cas. Ins. Co.*, 531 F.2d 248, 255 (5th Cir. 1976). Wells Fargo maintains that the Note and Deed of Trust authorize the fees that it seeks and that the Fifth Circuit has held that similar language entitles a mortgage lender to fees. *See In re Velazquez*, 660 F.3d 893, 889–900 (5th Cir. 2011).

Civil Rule 54(d)(2) states that "[c]laims for attorneys' fees . . . shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." FED. R. CIV. PRO. 54(d)(2). The Fifth Circuit has "held that one of the key functions of Rule 54(d)(2) is to ensure that parties properly notify their counterparts of their requests for attorneys' fees." *Romaguera v. Gegenheimer,* 162 F.3d 893, 895 (5th Cir. 1998) (citing *United Indus.*, *Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996)). The court orders Wells Fargo to submit its request for attorneys' fees by separate motion, within 14 days of the entry of final judgment, under Civil Rule 54(d). Barrow will have the usual time to respond.

## V. Conclusion

Wells Fargo's motion for summary judgment is granted. The request for attorneys' fees is

denied without prejudice with leave to refile in accordance with Rule 54(d) of the Federal Rules of Civil Procedure. The motion to dismiss is moot.

        SIGNED on January 27, 2014, at Houston, Texas.

                                      Lee H. Rosenthal
                                  United States District Judge